UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PETE WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00397-CDP |
| ) | |
| LANE HARRIS ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Pete Wright to proceed in the district court without prepaying fees and costs. Based on plaintiff's financial information, the Court will grant the application. Also, the Court will direct the Clerk of Court to issue service upon defendant Lane Harris.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim upon which relief may be granted, plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff states that he is a civilly-committed detainee housed at the St. Francois County Jail. His action arises out of several interactions with defendant Lane Harris, a Jailer at the St. Francois Sheriff's Office. Plaintiff sues defendant in his individual capacity.

Plaintiff pleads only state law tort claims, and specifically states that he pleads no federal claims. "This cause involves no federal constitutional issues. This is a personal injury tort based on the theory of recoveries for slander, conversion, assault, and battery." ECF No. 1-6 at 5. Plaintiff has adequately pled the complete diversity of citizenship between the parties. He alleges facts to establish that he is a citizen of either California or Kansas, which is where he resided prior to his incarceration, and defendant is a citizen of Missouri.[1] *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977). He also alleges an amount in controversy that is greater than $75,000.

---

[1] Plaintiff states that he is a resident of California, but has been incarcerated in Missouri, continuously, since 1987. He states that his driver's license is from California and his education and employment was in California up until his 1987 incarceration. He states he has never owned property, paid rent, or domiciled in Missouri. *See* ECF No. 1-6 at 23. He adds a footnote to these allegations, stating, "Wright held residence at the Meadows Apartment complex located in Lenexa, Kansas prior to incarceration." While it unclear whether plaintiff was a citizen of California or Kansas prior to his incarceration, he has alleged facts sufficient to establish that he was not a citizen of Missouri prior to incarceration.

Plaintiff's first claim is for conversion. He alleges that on July 25, 2023, defendant and two other jailers searched his cell. During their search, defendant confiscated plaintiff's artwork, legal work and correspondence, playing cards, and his trial transcript. Although most of the materials were returned to plaintiff on July 27, 2023, defendant did not return five of plaintiff's drawings, his trial transcript, or the contact information plaintiff had saved for reporters, lawyers, and state and federal agencies. ECF No. 1-6 at 6-7.

Plaintiff also brings this action against defendant for violating Missouri state law of slander and assault and battery. He states that on February 23, 2024, defendant told him that he needed to wear his ID bracelet. He ordered plaintiff to go on lockdown. "Harris then grabbed Wright by his right arm, further causing pain and injury to his fractured hand [on] which he wore a brace." *Id.* at 9. Plaintiff alleges there are no written rules at the jail, and no rule regarding ID bracelets. And because there are no rules, plaintiff alleges defendant committed slander when he told his supervisor that plaintiff had violated policy by not wearing his ID bracelet.

The next day, February 25, 2024, as plaintiff was waiting in line for his lunch, defendant noticed plaintiff carrying a personal cup he had bought at the canteen. Defendant told plaintiff that he could not use that cup and attempted to grab the cup out of plaintiff's hand. Plaintiff states defendant "again grasped Wright by the right forearm, forcibly shoving Wright again hurting his fractured hand." Plaintiff states that defendant shoved him out of the wing, down the corridor, and to the jail supervisor's office. He told the supervisor that plaintiff had lunged at him. Defendant also told the jail supervisor that plaintiff had violated jail policies by not wearing his ID bracelet and by using a personal cup at lunch, the penalty for which was disciplinary segregation. Again, plaintiff states there are no policies at the jail and therefore no policy regarding use of personal cups. Defendant placed plaintiff in H-pod, disciplinary segregation, for six days for his alleged conduct violations.

For damages for the alleged conversion, plaintiff seeks $3,700 in compensatory damages, including $1,000 for his five drawings, $500 for "medical expenses due to obstruction to Medicare application," and $2,000 for his hours of legal research and writing of a motion he filed, pro se, in state court. He seeks punitive damages of $12,000. In total, for his claim of conversion, plaintiff seeks $15,700 in damages.

For damages for the alleged slander and assault and battery, plaintiff seeks $6,000 for his disciplinary segregation, $5,000 for "punishing Wright as a pretrial detainee," $5,000 for slander, defamation, and reputational loss, $1,000 for pain in his right hand, $50,000 for emotional distress, and $5,000 for his mental frustration. The total of these compensatory damages is $72,000. Finally, he seeks punitive damages in the amount of $80,000 for "malicious, retaliatory and spiteful conduct made solely to cause harm in both slander and assault/battery incidents."

## Discussion

Plaintiff brings his claims under Missouri common law for conversion, slander, and assault and battery. Liberally construed, plaintiff has stated plausible claims against defendant for violations of Missouri state law of conversion. Conversion is the "unauthorized assumption and exercise of the right to ownership over personal property of another to the exclusion of the owner's rights." *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592 at 596 (Mo. Ct. App. 2000). Plaintiff alleges the during a search of his cell, defendant took and did not return his trial transcript, contact information, and several artistic drawings. The Court finds that plaintiff has stated a plausible claim for conversion.

Under Missouri law, slander requires a finding that the defendant made defamatory statements either with the knowledge that they were false, or with reckless disregard for the truth. *Dvorak v. O'Flynn*, 808 S.W.2d 912, 917 (Mo. Ct. App. 1991) (citing *Missouri Approved Instructions* 23.10(2)). "The publication of an alleged defamatory statement to a third person is a

required element of slander." *Blake v. May Dep't Stores Co.*, 882 S.W.2d 688, 690 (Mo. Ct. App. 1994). Viewed in the light most favorable to plaintiff, he alleges there were no rules of conduct in effect at the St. Francois County Jail. Despite there being no rules, defendant told his supervisor that plaintiff had committed conduct violations by not wearing his ID bracelet and by attempting to use his personal cup at lunch. Plaintiff alleges these remarks slandered him. The Court finds that plaintiff has stated a plausible claim for slander based on defendant's statements to his superior that plaintiff had violated two rules of conduct.

Under Missouri law, assault is defined as "any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating fear of imminent peril." *Phelps v. Bross*, 73 S.W.3d 651, 655-56 (Mo. Ct. App. 2002). To recover damages for a battery, plaintiff must allege an "intended, offensive bodily contact with another person." *Devitre v. Orthopedic Center of St. Louis, LLC*, 349 S.W.3d 327, 334 (Mo. 2011). "[B]attery is considered the consummation of an assault, assault and battery are two distinct causes of action." *Id.* Missouri courts recognize that "every battery includes an assault." *Martin v. Yeoham*, 419 S.W.2d 937, 946 (Mo. Ct. App. 1967). Liberally construed, plaintiff has alleged a plausible claim of assault and battery against defendant both when he pushed plaintiff into his cell and when he pushed plaintiff down the hallway.

For these reasons, the Court will order the Clerk of Court to issue process on the complaint as to defendant Lane Harris.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on plaintiff's complaint as to defendant Lane Harris, in his individual capacity, at the St. Francois County Sheriff's Department, 1550 Doubet Road, Farmington, Missouri 63640.

Dated this 15th day of June, 2024.

*Catherine D. Perry*
_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE