UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PETE WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24 CV 397 CDP |
| LANE HARRIS, | ) ) ) |
| Defendant. | ) ) |

# **MEMORANDUM AND ORDER**

Self-represented plaintiff Pete Wright asserts that he is a civilly-committed detainee who was subjected to the tortious conduct of defendant Lane Harris, a jailer at the St. Francois Sheriff's Office, in 2023 and 2024.  Wright moves for the appointment of counsel to assist him in the prosecution of his claims.  I will deny the motion.

There is no constitutional or statutory right to appointed counsel in civil cases.  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  In deciding whether to appoint counsel for an indigent plaintiff, I should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claims.  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

The factual and legal issues in this case are not complex. In this diversity case, Wright brings claims of conversion, slander, and assault and battery relating to Harris's alleged taking and failure to return various items of Wright's personal property; making false statements to the jail supervisor that Wright committed conduct violations; and grabbing Wright's arm, causing pain and further injury to a fractured hand, and forcibly pushing Wright into his cell and down the hallway. Wright has identified the person who allegedly committed the tortious conduct, witnesses thereto, the dates upon which the alleged conduct occurred, and specific details giving rise to his claims. Wright has also shown that he is knowledgeable of processes necessary to prosecute his claims.

To the extent Wright asserts in his motion that he needs counsel because his supply of pens and paper is limited, thereby hindering his ability to participate in discovery, most indigent prisoner-detainees face similar challenges in bringing claims challenging conditions of confinement. *See Patterson*, 902 F.3d at 850. Granting counsel on such basis in an otherwise straightforward case "would be tantamount to recognizing a right to appointed counsel for indigent prisoners in such cases." *Id.* Because there is no such right and Wright is able to adequately present and prosecute his claims, the appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Pete Wright's Motion for the Appointment of Counsel [20] is **DENIED without prejudice**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2025.